Received County of Berks Prothonotary's Office on 01/13/2021 2:42 PM Prothonotary Docket No. 20-16784

McMahon, Lentz & Thompson
Brooks T. Thompson, Esquire
Identification No. 311943
John I. McMahon, Jr., Esquire
Identification No. 53777
21 West Airy Street
Norristown, PA 19401

*Attorneys for Plaintiff*

RECEIVED
2021 JAN 19 P 2:18

SHERIFF'S OFFICE
COUNTY OF BERKS

IN THE COURT OF COMMON PLEAS OF BERKS COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

| | |
|---|---|
| TIMOTHY CLAIR | |
| VS. | NO. 20-16784 |
| TERRANCE MERANTE, in his individual capacity<br>AND<br>STEPHEN DEANGELES, in his individual capacity<br>AND<br>MATTHEW TRETTER, in his individual capacity<br>AND<br>JOHN DOE 1, in his individual capacity<br>AND<br>JOHN DOES 2-14, each in their individual capacities | |

### PRAECIPE TO REINSTATE COMPLAINT

TO THE OFFICE OF THE PROTHONOTARY:

Kindly reinstate the above captioned COMPLAINT.

McMahon, Lentz & Thompson

_____
Brooks T. Thompson, Esquire
Attorney for Plaintiff

IN THE COURT OF COMMON PLEAS OF BERKS COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

| | |
|---|---|
| TIMOTHY CLAIR | : |
| VS. | : NO. |
| TERRANCE MERANTE, in his individual capacity<br>AND<br>STEPHEN DEANGELES, in his individual capacity<br>AND<br>MATTHEW TRETTER, in his individual capacity<br>AND<br>JOHN DOE 1, in his individual capacity<br>AND<br>JOHN DOES 2-14, each in their individual capacities | :<br>:<br>: REINSTATED 12/09/20<br>: REINSTATED 01/13/21<br>: J. K. DEL COLLO   Prothonotary<br>:                               Deputy |



Received County of Berks Prothonotary's Office on 10/13/2020 9:44 PM Prothonotary Docket No. 20-16784

## NOTICE TO DEFEND
## NOTIFICACIÓN PARA DEFENDERSE

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyers' Referral Service of the
Berks County Bar Association
544 Court Street
Reading, Pennsylvania 19601
Telephone (610)375-4591
www.BerksBar.org

### AVISO

Le han demandado a usted en el tribunal. Si usted quiere defenderse de las demandas expuestas en las páginas siguientes, usted debe tomar acción en el plazo de veinte (20) días a partir de la fecha en que se le hizo entrega de la demanda y la notificación, al interponer una comparecencia escrita, en persona o por un abogado y registrando por escrito en el tribunal sus defensas o sus objeciones a las demandas en contra de su persona. Se le advierte que si usted no lo hace, el caso puede proceder sin usted y podría dictarse un fallo por el juez en contra suya sin notificación adicional y podría ser por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio en la demanda solicitado por el demandante. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

USTED DEBE LLEVARLE ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O NO PUEDE CORRER CON LOS GASTOS DE UNO, VAYA O LLAME POR TELEFONO A LA OFICINA EXPUESTA ABAJO. ESTA OFICINA PUEDE POVEERLE INFORMACION RESPECTO A COMO CONTRATAR A UN ABOGADO.

SI NO PUEDE CORRER CON LOS GASTOS PARA CONTRATAR A UN ABOGADO, ESTA OFICINA PUDIERA PROVEERLE INFORMACION RESPECTO A INSTITUCIONES QUE PUEDAN OFRECER SERVICIOS LEGALES A PERSONAS QUE CALIFICAN PARA LA REDUCCION DE HONORARIOS O QUE NO TENGAN QUE PAGAR HONORARIOS.

Servicio de Recomendación para Contratar Abogados
del Colegio de Abogados del Condado Berks
544 Court Street
Reading, Pennsylvania 19601
Teléfono (610) 375-4591
www.BerksBar.org

Received County of Berks Prothonotary's Office on 10/13/2020 9:44 PM Prothonotary Docket No. 20-16784

Brooks T. Thompson, Esquire  
McMahon, Lentz & Thompson  
Identification No. 311943  
21 West Airy Street  
Norristown, PA 19401  
Tel: (610) 272 - 9502

*Counsel for Plaintiff*

---

IN THE COURT OF COMMON PLEAS OF BERKS COUNTY, PENNSYLVANIA  
CIVIL ACTION - LAW

| | |
|---|---|
| TIMOTHY CLAIR<br>1200 Mokychic Drive<br>Collegeville, PA 19426<br><br>VS.<br><br>TERRANCE MERANTE, in his individual capacity<br>2930 Airport Road<br>Bethlehem, PA 18017<br><br>STEPHEN DEANGELES, in his individual capacity<br>8320 Schantz Road<br>Breinigsville, PA 18031<br><br>MATTHEW TRETTER, in his individual capacity<br>8320 Schantz Road<br>Breinigsville, PA 18031<br><br>JOHN DOE 1, in his individual capacity<br>2930 Airport Road<br>Bethlehem, PA 18017<br><br>JOHN/JANE DOES 2-14, each in their individual capacities<br>2930 Airport Road<br>Bethlehem, PA 18017 | NO.<br><br><br><br><br><br>JURY TRIAL DEMANDED |

---

## COMPLAINT

### I. SUMMARY

1. This is a civil suit brought under 42 U.S.C.A. § 1983 for the violation of Plaintiff's Constitutional rights when Plaintiff was violently and viciously assaulted in his

own home at the hands of the defendant troopers of the Pennsylvania State Police purportedly acting under the color of law.

2. Specifically, on October 12, 2018, a heavily armed, militarized band of Pennsylvania State Police Troopers stormed Plaintiff's residence with guns drawn to execute an ordinary warrant to search for drugs. Troopers encountered Plaintiff unarmed laying on the floor of his office located in the attic of the residence.

3. Plaintiff complied with commands to move to the second floor and to lay face down on the floor. It was then and there that two troopers, who Plaintiff believes and avers to have been Defendant trooper Terrance William Merante and defendant Trooper John Doe 1, stomped, kicked, punched, and spit on Plaintiff as he laid helplessly on the floor.

4. After the vicious assault, Plaintiff was admitted to Lehigh Valley Hospital – Cedar Crest with four (4) fractured ribs and a fractured orbital socket.

5. This Complaint is also brought under Pennsylvania common law.

## II. JURISDICTION AND VENUE

6. This Court of Common Pleas has jurisdiction over this civil action for monetary damages based on the tortious conduct of the Defendants under Pennsylvania common law and the deprivation of Plaintiff's civil rights pursuant to 42 U.S.C.A. § 1983. See, E.g., Wilson v. Marrow, 917 A.2d 357, 362 (Pa.Cmwlth. 2007).

7. Venue is present in Berks County, Pennsylvania as all events and occurrences giving rise to this cause of action occurred in Berks County. Defendants also regularly conduct business in the County of Berks.

Received County of Berks Prothonotary's Office on 10/13/2020 9:44 PM Prothonotary Docket No. 20-16784

### III.  THE PARTIES

8. Plaintiff, TIMOTHY CLAIR, was and still is an adult resident of the Commonwealth of Pennsylvania and a citizen of the United States. He is presently incarcerated at the Phoenix State Correctional Institute, 1200 Mokychic Drive, Collegeville, Montgomery County, Pennsylvania 19426.

9. Defendant, trooper TERRANCE MERANTE (hereinafter "Defendant Merante") is, and at all times relevant, to this Complaint was, an adult citizen of the United States employed by the Pennsylvania State Police (hereinafter "PSP") where he is assigned to Troop M. At all times relevant, Defendant Merante was purporting to act under the color of state law as a member of the PSP Special Emergency Response Team (hereinafter "SERT"), which is a special tactical unit within the PSP compromised of officers who conduct paramilitary operations. Defendant Merante is being sued in his individual capacity.

10. Upon information and belief, Defendant Merante, is the trooper that fractured Plaintiff's ribs by stomping and kicking Plaintiff while Plaintiff laid face down on the floor.

11. Defendant, trooper STEPHEN DEANGELES, (hereinafter "Defendant Deangeles") is, and at all times relevant to this Complaint was, an adult citizen of the United States employed by the PSP where he is assigned to the Vice Narcotics Unit for Troop M with a barracks at Fogelsville. At all times relevant, Defendant Deangeles was purporting to act under the color of state law. Defendant Deangeles is being sued in his individual capacity.

12. Defendant Deangles was the lead investigator on Plaintiff's case. Upon information and belief, he is the trooper that initiated and arranged for the excessive show and use of force complained of herein by requesting that the militarized SERT team serve a

Received County of Berks Prothonotary's Office on 10/13/2020 9:44 PM Prothonotary Docket No. 20-16784

Received County of Berks Prothonotary's Office on 10/13/2020 9:44 PM Prothonotary Docket No. 20-16784

warrant to search for drugs based on allegations that Plaintiff engaged in several sales of controlled substances.

13. Defendant, Corporal MATTHEW TRETTER (hereinafter "Defendant Tretter") is, and at all times relevant to this Complaint was, an adult citizen of the United States employed by the PSP as a supervisor of the Vice Narcotics Unit. Defendant Tretter was, at all times relevant, acting under the color of state law. He is being sued in his individual capacity.

14. Defendant Tretter is the supervisor of Defendant Deangeles. Defendant Tretter ratified, approved, sanctioned, authorized or acquiesced in the excessive use and show of force to execute the search warrant. He also failed to timely intervene in the unlawful use of force described in further detail herein.

15. Defendant, JOHN DOE 1 (hereinafter "Defendant Doe 1") is sued by fictitious name, as Plaintiff is presently ignorant of the true name of this Defendant. Defendant Doe 1 is employed by the PSP and, upon information and belief, is a member of PSP SERT. He is being sued in his individual capacity.

16. Defendant Doe 1 is the trooper that punched Plaintiff in the face and head area, fracturing Plaintiff's right orbital socket. Plaintiff is, at present, without information that would disclose the true identity of this defendant.

17. Defendants JOHN/JANE DOES 2-14 (hereinafter "Defendant Does 2-14") are sued by fictitious names, as Plaintiffs are presently ignorant of the true names of these Defendants. Defendant DOES 2-14 were at all times relevant employed by the PSP as SERT members. They are each sued in their individual capacity.

18. Plaintiff brings suit against Defendant Does based on information and belief that they are responsible for the unconstitutional and wrongful conduct complained of herein, but Plaintiff is not, at the present time, with information that would disclose the identities of these Defendants.

19. Plaintiff has reviewed PSP incident reports, the transcript from Plaintiff's criminal trial in Berks County, Pennsylvania stemming from service of the search warrant on October 12, 2018, and has interviewed Guy Benedict, an eyewitness to the assault of Plaintiff, in an attempt to ascertain the true identity of Defendant Doe 1 and Defendant Does 2-14, but has not, as of yet, ascertained the true identity of these troopers.

20. None of the SERT members displayed identification on their uniform or otherwise at any time during their encounter with Plaintiff on October 12, 2018.

21. Upon information and belief, PSP SERT members intentionally conceal their true identities to protect the safety of the officers engaged in this highly specialized tactical unit of PSP.

## IV.  FACTUAL ALLEGATIONS

22. Plaintiff incorporates paragraphs one (1) through twenty-one (21) of the within Complaint as though same were set forth herein, more fully and at length.

23. On or about October 11, 2018, Defendant Deangeles applied for and obtained a warrant to search Plaintiff's residence located at 50 South Maple Street, Kutztown, Berks County, Pennsylvania.

Received County of Berks Prothonotary's Office on 10/13/2020 9:44 PM Prothonotary Docket No. 20-16784

Received County of Berks Prothonotary's Office on 10/13/2020 9:44 PM Prothonotary Docket No. 20-16784

24. In the affidavit of probable cause in support of said warrant, Defendant Deangeles alleged that Plaintiff was a drug dealer, and outlined several drug transactions between Plaintiff and an informant or informants.

25. There were no allegations in the aforesaid affidavit of probable cause that Plaintiff, or the occupants of the residence, possessed firearms or that Plaintiff was uniquely likely to pose a threat to the safety of officers executing the warrant.

26. Nevertheless, Defendant Deangeles, with the approval of defendant Tretter, requested that PSP SERT, the specialized tactical unit generally intended to be activated in high risk situations, be deployed to serve the search warrant.

27. Accordingly, on October 12, 2018, a heavily armed and armored group of PSP SERT troopers, consisting of Defendant Merante, Defendant Doe 1, and Defendant Does 2-14, all of whom were outfitted in military style uniforms and gear, stormed into Plaintiff's residence located at 50 South Maple Street, Kutztown, Berks County, Pennsylvania.

28. After entering into the residence, members of the SERT located Plaintiff, who was then forty-six (46) years of age at the time, in his office located in the attic of the residence.

29. Plaintiff repeatedly verbally informed officers that he surrendered and begged officers not to shoot him.

30. At the direction of the Defendant SERT members, and at their gun point, Plaintiff moved from the attic to the second floor of the residence with his hands in the air.

31. Once in the hallway of the second floor of the residence, Plaintiff complied with law enforcement's directive to get down on the floor.

32. However, as Plaintiff bent over to lay on the floor, two troopers, believed to be defendant Merante and defendant Doe 1, tackled Plaintiff slamming his body onto the floor.

33. One of the troopers, who, upon information and belief was defendant Merante, began kicking and stomping on the midsection of Plaintiff's body as he laid helplessly on the floor.

34. Defendant Doe 1 joined in on the assault of Plaintiff and began to strike Plaintiff in the face.

35. The two aforesaid troopers shouted and cursed at Plaintiff and called him a "big pussy" as they violently and brutally assaulted Plaintiff.

36. The assault on Plaintiff did not relent until Defendant Tretter finally directed the troopers to stop the assault.

37. Police then dragged Plaintiff, who was now bloodied, by his arms down the stairway to the first floor of the residence.

38. Defendant Tretter then directed other officers to immediately call for an ambulance.

39. Plaintiff was then transported by ambulance from his residence to the Lehigh Valley Cedar Crest Hospital where it was discovered that four (4) of Plaintiff's ribs were fractured and that his right orbital socket was damaged as a result of the excessive use of force.

Received County of Berks Prothonotary's Office on 10/13/2020 9:44 PM Prothonotary Docket No. 20-16784

Received County of Berks Prothonotary's Office on 10/13/2020 9:44 PM Prothonotary Docket No. 20-16784

40. A subsequent search of Plaintiff's residence pursuant to the search warrant yielded a mere 7.29 grams of methamphetamine, 3.39 grams of heroin, and 6.12 grams of marijuana.

41. Plaintiff was charged criminally in connection with the evidence recovered from his residence in the Court of Common Pleas of Berks County, Pennsylvania, at docket number CP-06-CR-0004810-2018.

42. In a *post-hoc* attempt to create the appearance that the assault on Plaintiff was justified, Plaintiff was also charged with resisting arrest in that same criminal case purportedly for the events on October 12, 2018.

43. However, the Honorable Patrick A. Barrett, who presided over Plaintiff's criminal trial, entered a judgment of acquittal as a matter of law with respect to the charge of resisting arrest due to the absence of any evidence that Plaintiff actively resisted arrest on October 12, 2018.

V. **CAUSES OF ACTION**

**COUNT ONE**
**42 U.S.C. § 1983 – Excessive Force in Violation of the Fourth and Fourteenth Amendments to the United States Constitution**
(PLAINTIFF v. ALL DEFENDANTS)

44. Plaintiff incorporates paragraphs one (1) through forty-three (43) of the within Complaint as thought same were set forth herein, more fully and at length.

45. Plaintiff herein is a citizen of the United States.

46. At all times relevant all Defendants were purportedly acting under the color of state law.

47. Section 1983 in pertinent part provides that:

Received County of Berks Prothonotary's Office on 10/13/2020 9:44 PM Prothonotary Docket No. 20-16784

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit inequity, or other proper proceedings for redress.

48. Plaintiff bases his 42 U.S.C. § 1983 claim on the deprivation of the following well-established Constitutional rights:

   a.) Right to be free from unwarranted arrest under the Fourth and Fourteenth Amendments to the United States Constitution;

   b.) Right to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

   c.) Right to be free from the use of excessive force or force that is not reasonably necessary.

49. It would be clear to any reasonable police officer that the conduct of the two troopers, Defendant Merante and Defendant Doe 1, in stomping, kicking and punching Plaintiff as he laid on the floor, was a patently unreasonable use of force and a clear violation of Plaintiff's well established rights under Fourth Amendment.

50. Plaintiff did not actively resist arrest and was not armed when Troopers served the warrant.

51. Plaintiff repeatedly verbally surrendered to troopers, placed his hands in the air, and complied with all of law enforcement's directives.

52. Plaintiff did not make any verbal or physical threats to inflict harm upon the officers.

53. Plaintiff was not being investigated for a crime of violence.

54. Law enforcement did not have a warrant to arrest Plaintiff.

55. The affidavit of probable cause submitted in support of the warrant to search Plaintiff's residence contained no allegations that Plaintiff or any of the occupants in the home would be armed or otherwise likely to pose a threat to officers executing the warrant.

56. Members of PSP established surveillance on the residence hours before serving the search warrant and did not observe any persons entering or leaving the residence with any weapons or anything to indicate that occupants of the residence posed an immediate threat to troopers entering the residence.

58. Defendant Deangeles, Defendant Tretter, and Defendant Does 2-14 had a duty and, upon information and belief, a reasonable opportunity to intervene in the aforesaid unreasonable use force but failed to timely do so.

59. Upon information and belief, Defendant Deangeles, Defendant Tretter, and Defendant Does 2-14, participated in, ratified, sanctioned, or approved the wrongful use of force complained of herein.

60. The aforesaid conduct violated defendant's rights under the Fourth Amendment to the United States Constitution as applied to the states through the Fourteenth Amendment.

61. Acts and or omissions of the individual defendants were malicious, willful, wanton and/or done with reckless disregard for Plaintiff's rights under the Fourth Amendment to the United States Constitution subjecting Defendants to punitive damages.

Received County of Berks Prothonotary's Office on 10/13/2020 9:44 PM Prothonotary Docket No. 20-16784

Received County of Berks Prothonotary's Office on 10/13/2020 9:44 PM Prothonotary Docket No. 20-16784

62. As a direct and proximate result of the acts and omissions mentioned hereinbefore above, perpetrated by Defendants, Plaintiff suffered the following injuries and damages:

    a.) Violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution

    b.) Plaintiff suffered serious, permanent and painful injuries consisting four (4) fractured ribs and an orbital fracture;

    c.) Plaintiff suffered physical pain and suffering;

    d.) Plaintiff suffered fright, horror and shock;

    e.) Plaintiff suffered severe emotional and psychological trauma;

    f.) Plaintiff suffered economic damages related to his medical treatment, and may, in the future incur additional medical expenses for the injuries described hereinabove.

WHEREFORE, Plaintiff demands judgment against Defendant Merante, in his individual capacity, Defendant Doe 1, in his individual capacity, Defendant Does 2-14 each in their individual capacities, Defendant Deangeles, in his individual capacity, and Defendant Tretter, in his individual capacity, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus punitive damages and attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law.

**COUNT TWO**
**Assault and Battery – Pennsylvania Common Law**
(PLAINTIFF v. DEFENDANT MERANTE and DEFENDANT DOE 1)

63. Plaintiff incorporates paragraphs one (1) through sixty-two (62) as though same were set forth herein, more fully and at length.

64. On or about October 12, 2018, Defendant Merante and Defendant Doe 1, willfully, maliciously, knowingly and intentionally committed an assault and battery upon Plaintiff; to wit, Defendant Merante and Defendant Doe 1 violently, kicked, stomped and struck Plaintiff without any lawful justification.

65. As a direct result of the assault and battery perpetrated by Defendant Merante and Defendant Doe 1, Plaintiff suffered the following injuries and damages:

   a.) Plaintiff sustained serious, permanent and painful injuries consisting four (4) fractured ribs and an orbital fracture on the right side of his face;

   b.) Plaintiff sustained physical pain and suffering;

   c.) Plaintiff suffered fright, horror and shock;

   d.) Plaintiff suffered severe emotional and psychological trauma;

   e.) Plaintiff suffered economic damages related to his medical treatment, and may, in the future, incur additional medical expenses for the injuries described hereinabove.

WHEREFORE, Plaintiff demands judgment against Defendant Merante, in his individual capacity, and Defendant Doe 1, in his individual capacity, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT THREE**
**Intentional Infliction of Emotional Distress – Pennsylvania Common Law**
(PLAINTIFF v. DEFENDANT MERANTE and DEFENDANT DOE 1)

Received County of Berks Prothonotary's Office on 10/13/2020 9:44 PM Prothonotary Docket No. 20-16784

66. Plaintiff incorporates Paragraphs one (1) through sixty-five (65) as though same were set forth herein, more fully and at length.

67. The conduct of Defendant Merante and Defendant Doe 1 on October 12, 2018 in kicking, stomping and punching Plaintiff, while cursing and hurling insults at him, was extreme and outrageous and beyond all possible bounds of decency in a civilized society.

68. Defendants Merante and Defendant Doe 1 intended their aforesaid actions to cause plaintiff to suffer extreme emotional distress.

69. As a result of the conduct of Defendant Merante and Defendant Doe 1, Plaintiff suffered from mental anguish, nervous shock, embarrassment, shame and humiliation.

WHEREFORE, Plaintiff demands judgment against defendant in an amount in excess of $50,000 for compensatory and punitive damages, plus interest and costs.

Date: October 13, 2020

McMahon, Lentz & Thompson

Brooks T. Thompson, Esquire
Identification No. 311943
*Attorney for Plaintiff*
21 West Airy Street
Norristown, PA 19401
Tel: (610) 272-9502
Brooks@McMahon4Law.com

Received County of Berks Prothonotary's Office on 10/13/2020 9:44 PM Prothonotary Docket No. 20-16784

## VERIFICATION

I, Brooks T. Thompson, Esquire, attorney for the Plaintiff, hereby state that I am authorized to make this verification and that the averments of fact contained in the foregoing Civil Complaint are true and correct to the best of my knowledge, information, and belief, based upon information provided to me by Plaintiff, Timothy Clair, whose verification of this pleading, in its present form, cannot be obtained within the time allowed for filing due to Plaintiff's present incarceration at the Phoenix Pennsylvania State Correctional Institute. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. Cons. Stat. Section 4904 relating to unsworn falsification to authorities.

*[signature]*

Brooks T. Thompson, Esquire
*Attorney for Plaintiff*
Identification No. 311943
McMahon, Lentz & Thompson
21 West Airy Street
Norristown, PA 19401
Tel: (610) 272-9502
Brooks@McMahon4Law.com

Received County of Berks Prothonotary's Office on 10/13/2020 9:44 PM Prothonotary Docket No. 20-16784

## CERTIFICATE OF COMPLIANCE WITH THE PROVISIONS OF THE PUBLIC ACCESS POLICY

I, Brooks T. Thompson, Esquire certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

McMahon, Lentz & Thompson

*/s/ Brooks T. Thompson*
Brooks T. Thompson, Esquire
Attorney I.D. No. 311943
*Counsel for Plaintiff*
21 West Airy Street
Norristown, PA 19401
Tel: (610) 272-9502
Brooks@McMahon4Law.com