UNITED STATES DISTRICT COURT – EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION

| | |
|---|---|
| TIMOTHY CLAIR<br>50 South Maple Street<br>Kutztown, PA 19530<br><br>VS.<br><br>**TERRANCE MERANTE**, in his individual capacity, and<br>**DAMIAN TEMPERINE**, in his individual capacity, and<br>**PETER M. DEL GAIZO**, in his individual capacity, and<br>**MATTHEW TRUSCOTT**, in his individual capacity, and<br>**MICHAEL LANG**, in his individual capacity, and<br>**CRAIG AMMANS**, in his individual capacity, and<br>**SALVATORE ALAIMO**, in his individual capacity, and<br>**JOHN CHULOCK**, in his individual capacity, and | NO. 5:21-cv-00696<br><br>JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

### I.  INTRODUCTION

1. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that he was the subject of excessive force used by the Pennsylvania State Police Troopers identified herein who were purportedly acting under the color of state law when they arrested Plaintiff at his home on October 12, 2018.

### II.  JURISDICTION AND VENUE

2. This action arises under 42 U.S.C. §1983 and, therefore, this Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1343 and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Venue is present in the Eastern District of Pennsylvania as this is the District where the occurrences giving rise to the cause of action arose. The Eastern District of Pennsylvania is also a District in which the Defendants regularly conduct activity.

### III.     THE PARTIES

4. Plaintiff, TIMOTHY CLAIR, is and at all times relevant, was, an adult resident of the Commonwealth of Pennsylvania and a private citizen of the United States. He presently resides at 50 South Maple Street, Kutztown Borough, Berks County, Pennsylvania.

5. Defendant TERRANCE MERANTE (hereinafter "Defendant Merante") is, and at all times relevant to this Complaint, was, an adult citizen of the United States employed by the Pennsylvania State Police (hereinafter "PSP"). Plaintiff believes and, therefore, avers that Defendant Merante is presently assigned to PSP Troop M located at 2930 Airport Road, Bethlehem, PA 18107-2149.

6. Defendant Trooper DAMIAN TEMPERINE (hereinafter "Defendant Temperine") is, and at all times relevant to this Complaint, was, an adult citizen of the United States employed by the Pennsylvania State Police (hereinafter "PSP"). Plaintiff believes and, therefore, avers that Defendant Temperine is presently assigned to Troop H of the PSP located at 3800 Black Gap Road, Chambersburg, Pennsylvania 17202.

7. Defendant PETER M. DEL GAIZO (hereinafter "Defendant Del Gaizo") is, and at all times relevant to this Complaint, was, an adult citizen of the United States employed by the Pennsylvania State Police (hereinafter "PSP"). Plaintiff believes and, therefore, avers that Defendant Del Gaizo is presently assigned to PSP Troop M located at 2930 Airport Road, Bethlehem, PA 18107-2149.

8. Defendant MATTHEW TRUSCOTT is, and at all times relevant to this Complaint, was, an adult citizen of the United States employed by the Pennsylvania State Police (hereinafter "PSP"). Plaintiff believes and, therefore, avers that Defendant Truscott is presently assigned to PSP Troop J - Embreeville located at 997 Lieds Road, Coatesville, PA 19320.

9. Defendant MICHAEL LANG is, and at all times relevant to this Complaint, was, an adult citizen of the United States employed by the Pennsylvania State Police (hereinafter "PSP") which is headquartered at 1800 Elmerton Avenue, Harrisburg, Pennsylvania 17110.

10. Defendant SALVATORE ALAIMO is, and at all times relevant to this Complaint, was, an adult citizen of the United States employed by the Pennsylvania State Police (hereinafter "PSP") which is headquartered at 1800 Elmerton Avenue, Harrisburg, Pennsylvania 17110.

11. Defendant JOHN CHULOCK is, and at all times relevant to this Complaint, was, an adult citizen of the United States employed by the Pennsylvania State Police (hereinafter "PSP") which is headquartered at 1800 Elmerton Avenue, Harrisburg, Pennsylvania 17110.

12. Defendant CRAIG AMMANS is, and at all times relevant to this Complaint, was, an adult citizen of the United States employed by the Pennsylvania State Police (hereinafter "PSP") which is headquartered at 1800 Elmerton Avenue, Harrisburg, Pennsylvania 17110.

13. On October 12, 2018, and at all other times relevant, all of the above-named defendants were members of the PSP Special Emergency Response Team (hereinafter "SERT"), which is a special tactical unit within the PSP compromised of officers who conduct paramilitary operations.

14. At all times relevant to this cause of action, all of the defendants were purporting to act under the color of state law as a members of PSP SERT.

15. All of the above named defendants are being sued in their individual capacities.

## IV.   FACTUAL ALLEGATIONS

16. Paragraphs One through Fifteen of the within Amended Complaint are incorporated as though same were set forth herein, more fully and at length.

17. At approximately six o'clock in the morning on October 12, 2018, a heavily armed, militarized band of approximately 21 members of the Pennsylvania State Police SERT team, including the above named defendants, stormed Plaintiff's residence located at 50 South Maple Street, Kutztown, Pennsylvania 19530 to execute a warrant to search for drugs.

18. All of the SERT members that Plaintiff observed wore camoflouage clothing, gas masks, helmets and body armor. None of the SERT members displayed a name tag, officer number, or any other form of identification.

19. After entering the residence, SERT members discovered Plaintiff, who was then forty-six (46) years of age, unarmed laying on the floor of his office located in the attic of the residence.

20. Upon hearing SERT members approach the attic door, Plaintiff repeatedly shouted out "don't shoot" and "I surrender."

21. At the direction of the Defendant SERT members, and at their gun point, Plaintiff moved from the attic to the second floor of the residence with his hands in the air.

22. Once in the hallway of the second floor of the residence, Plaintiff complied with law enforcement's directive to get down on the floor.

23. However, as Plaintiff bent over to lay on the floor, defendant Temperine tackled Plaintiff, slamming him into the floor face down.

24. As Plaintiff laid on the floor on his stomach, in the prone position with his hands above his head, defendant Temperine forcefully punched Plaintiff approximately four times in the face with a closed fist.

25. Then, defendant Temperine, and or defendant Del Gaizo, and or defendant Truscott, began stomping and kicking on the midsection of Plaintiff's body with heavy boots as Plaintiff continued to lay helplessly surrendered in the prone position on the floor.

26. The assault did not cease until one of the officers, who was present in the second floor hallway during the assault, eventually directed the assault to stop. By that time, Plaintiff's ribs had already been broken.

27. Plaintiff was then placed in handcuffs.

28. After Plaintiff was handcuffed, and while he was still on the floor, one of the defendants named herein walked on the midsection of Plaintiff twice, in the precise location where Plaintiff had been stomped and kicked moments prior.

29. That same officer spat on Plaintiff and yelled insults at him, such as, "you're a f***ing pussy."

30. Plaintiff was subsequently transported by ambulance from his residence to the Lehigh Valley Cedar Crest Hospital where it was discovered that four (4) of Plaintiff's

ribs were fractured and that his right orbital socket was damaged as a result of the excessive use of force.

31. A subsequent search of Plaintiff's residence pursuant to the search warrant yielded a mere 7.29 grams of methamphetamine, 3.39 grams of heroin, and 6.12 grams of marijuana.

32. Plaintiff was charged criminally in connection with the evidence recovered from his residence in the Court of Common Pleas of Berks County, Pennsylvania, at docket number CP-06-CR-0004810-2018.

33. In a *post-hoc* attempt to create the appearance that the assault on Plaintiff was justified, Plaintiff was also charged with resisting arrest in that same criminal case purportedly for the events on October 12, 2018.

34. However, the Honorable Patrick A. Barrett, who presided over Plaintiff's criminal trial, entered a judgment of acquittal as a matter of law with respect to the charge of resisting arrest due to the absence of any evidence that Plaintiff actively resisted arrest on October 12, 2018.

35. From the time that he was discovered on the floor of the attic by SERT members, at no time on October 12, 2018 did Plaintiff resist arrest or willfully refuse to obey the commands of law enforcement.

## V.  CAUSES OF ACTION

**COUNT ONE**
**42 U.S.C. § 1983 – Excessive Force in Violation of the Fourth and Fourteenth Amendments to the United States Constitution**
(PLAINTIFF v. ALL DEFENDANTS)

36. Plaintiff incorporates paragraphs one (1) through thirty-five (35) of the within Complaint as though same were set forth herein, more fully and at length.

37. Plaintiff herein is a citizen of the United States.

38. At all times relevant all Defendants were purportedly acting under the color of state law.

39. Section 1983 in pertinent part provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit inequity, or other proper proceedings for redress.

40. Plaintiff bases his 42 U.S.C. § 1983 claim on the deprivation of the following well-established Constitutional rights:

   a.) Right to be free from unwarranted arrest under the Fourth and Fourteenth Amendments to the United States Constitution;

   b.) Right to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

   c.) Right to be free from the use of excessive force or force that is not reasonably necessary.

41. It would be clear to any reasonable police officer that the actions of the troopers in stomping, kicking, punching and spitting on Plaintiff, as he laid surrendered in the prone position on the floor, was a patently unreasonable use of force and a clear violation of Plaintiff's well established rights under Fourth Amendment.

42. Plaintiff did not actively resist arrest and was not armed when troopers served the warrant.

43. Plaintiff repeatedly verbally surrendered to troopers, placed his hands in the air, and complied with all of law enforcement's directives.

44. Plaintiff did not make any verbal or physical threats to inflict harm upon the officers.

45. Plaintiff was not being investigated for a crime of violence.

46. Law enforcement did not have a warrant to arrest Plaintiff.

47. Plaintiff believes and, therefore, avers that all of the defendants named herein either participated in the exertion of unreasonable force exerted upon Plaintiff, or had a reasonable opportunity to intervene in the aforesaid unreasonable use force but failed to timely do so.

48. The aforesaid conduct violated Plaintiff's rights under the Fourth Amendment to the United States Constitution as applied to the states through the Fourteenth Amendment.

49. The acts and or omissions of the individual defendants were malicious, willful, wanton and/or done with reckless disregard for Plaintiff's rights under the Fourth Amendment to the United States Constitution subjecting Defendants to punitive damages.

50. As a direct and proximate result of the acts and omissions mentioned hereinbefore above, perpetrated by Defendants, Plaintiff suffered the following injuries and damages:

 a.) Violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution

 b.) Plaintiff suffered serious, permanent and painful injuries consisting four (4) fractured ribs and an orbital injury;

 c.) Plaintiff suffered physical pain and suffering;

 d.) Plaintiff suffered fright, horror and shock;

 e.) Plaintiff suffered severe emotional and psychological trauma;

 f.) Plaintiff suffered economic damages related to his medical treatment, and may, in the future incur additional medical expenses for the injuries described hereinabove.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus punitive damages and attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law.

**McMahon, Lentz & Thompson**

**Date:** June 17, 2021

/s/ *Brooks T. Thompson*
Brooks T. Thompson, Esquire